

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 2008-167 |
| JOHN DOE | : | |
| | : | |

**EXPLANATION AND ORDER**

September 15, 2008

Anita B. Brody, J.

## I. INTRODUCTION

Defendant John Doe ("Doe") filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of amendment 706 to the U.S. Sentencing Guidelines ("Guidelines"). For the reasons stated below, I deny this motion.

## II. FACTUAL BACKGROUND

On September 22, 2005, Doe was charged in an indictment with conspiracy to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846 and with distribution of 50 grams or more of crack in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The charges arose from his involvement in three controlled purchases of crack that occurred in Philadelphia, PA, during the period from December 1, 2003, to July 28, 2004. Doe pleaded guilty to both offenses on February 5, 2007.

Under the Guidelines, Doe's adjusted offense level was 33 and his criminal history category was II. See U.S. SENTENCING GUIDELINES MANUAL §§ 1-4 (2008) [hereinafter "USSG"]. His initial sentencing range, calculated under USSG § 5A, was 151-188 months. Having been convicted for a felony drug offense on three prior occasions, under 21 U.S.C. § 841(b)(1)(A) Doe was subject to a mandatory minimum penalty of life imprisonment. According to USSG § 5G1.1(b), because this mandatory sentence exceeded his initial sentencing range, Doe's actual guideline sentence became life imprisonment.[1] Before sentencing, the United States filed motions pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 for downward departures from the mandatory minimum penalty and the guideline sentence, respectively, based on Doe's substantial assistance to the government. I granted these motions.

On August 16, 2007, I sentenced Doe to 84 months incarceration for each count, to be served concurrently, followed by 10 years supervised release. In determining the amount of downward departure, I explicitly considered Doe's assistance to the government, his guideline sentence of life imprisonment, the initial sentencing range of 151-188 months calculated under USSG § 5A, and the factors listed in 18 U.S.C. § 3553(a).

On March 20, 2008, Doe filed this motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of amendment 706, which became retroactive on March 3, 2008. I heard oral argument on this motion on August 28, 2008.

---

[1] § 5G1.1(b) provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." The relevant commentary explains: "If the applicable guideline range is 41-51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months." USSG § 5G1.1 cmt.

2

## III. DISCUSSION

A judgment of conviction that includes a sentence imposing a term of imprisonment normally constitutes a final judgment and cannot be modified. See 18 U.S.C. § 3582(b) and (c). 18 U.S.C. § 3582(c)(2), however, provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In other words, a defendant is eligible for a sentence reduction under § 3582(c)(2) only when two elements are satisfied:

- first, the defendant must have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and

- second, the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.

I begin by addressing the second element,[2] that is, whether reducing Doe's sentence in light of amendment 706 is consistent with the applicable policy statements issued by the Commission. Doe makes three arguments. First, Doe argues that reducing his sentence is

---

[2] Regarding the first element of § 3582(c)(2), namely, that the defendant must have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," id., Doe argues that his sentence satisfies this requirement because I explicitly based my sentencing decision on his initial sentencing range of 151-188 months, which amendment 706 changes. (Brief of Defendant in Reply to Government's Surreply at 2.) Because the second element of § 3582(c)(2) is dispositive, I need not address this argument.

3

consistent with the applicable policy statement. (Brief of Defendant in Support of Motion at 4.) Second, he argues that the language of § 3582(c)(2) does not mandate that this court follow the applicable policy statement. (Brief of Defendant in Reply to Government's Reply at 5-7.) Third, he argues that both the applicable policy statement and the second element of § 3582(c)(2) are not binding on this court because the Supreme Court declared the Guidelines "effectively advisory" in U.S. v. Booker, 543 U.S. 220 (2005). (Id. at 7-8.) These arguments are unpersuasive.

### A.  Argument Based on the Applicable Policy Statement

USSG § 1B1.10 sets forth the policy statement applicable to 18 U.S.C. § 3582(c)(2). See USSG § 1B1.10 cmt. background. § 1B1.10(a)(2) provides:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

§ 1B1.10(a)(2). In other words, for a sentence reduction because of an amendment to the Guidelines to be consistent with the policy statement referred to in § 3582(c)(2), two requirements must be satisfied:

- first, the amendment must be listed in USSG § 1B1.10(c); and
- second, the amendment must "have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2).

Effective on November 1, 2007, amendment 706 generally adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the

4

Drug Quantity Table in USSG § 2D1.1. Amendment 712 to the Guidelines made amendment 706 retroactive on March 3, 2008, by adding "706" to the list of amendments in § 1B1.10(c). Doe thus satisfies the first requirement of the policy statement, namely, that the amendment applicable to him must be listed in § 1B1.10(c).

Turning to the second requirement, namely, that the amendment must have the effect of lowering his applicable guideline range, Doe argues that reducing his sentence is consistent with the applicable policy statement because, regardless of whether his guideline sentence of life imprisonment has changed, amendment 706 lowers his initial sentencing range of 151-188. (Brief of Defendant in Support of Motion at 4.) Doe misinterprets the policy statement.

§ 1B1.10(a)(2)(B) provides that amendment 706 must have the effect of lowering Doe's "applicable guideline range." The amendment does lower Doe's initial sentencing range calculated under § 5A.[3] It does not, however, lower his guideline sentence calculated under § 5G1.1(b), dealing with a mandatory sentence. Thus, the critical issue is whether the term "applicable guideline range" in § 1B1.10(a)(2)(B) refers to Doe's initial sentencing range of 151-188 months calculated under § 5A or his guideline sentence of life imprisonment calculated under § 5G1.1(b).

The Guidelines' language and structure lead to the conclusion that "applicable guideline range" in § 1B1.10(a)(2)(B) refers to Doe's guideline sentence of life imprisonment calculated under § 5G1.1(b). In USSG § 1B1.1, the Commission states general instructions for how to apply the Guidelines. The instructions provide:

---

[3] Under the amended Guidelines, Doe's adjusted offense level would have been 31 rather than 33. Accordingly, his initial sentencing range calculated under § 5A would have been 121-151 months rather than 151-188 months.

5

> Except as specifically directed, the provisions of this manual are to be applied in the following order:
> …
> (g) *Determine the guideline range in Part A of Chapter Five* that corresponds to the offense level and criminal history category determined above.
> (h) *For the particular guideline range, determine from Parts B through G of Chapter Five* the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution.
> (i) Refer to Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and to any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence.

USSG § 1B1.1 (emphasis added). These instructions direct courts to apply the Guidelines' provisions in a specific order. Subsection (g) provides for calculating Doe's initial sentencing range under Part A of Chapter Five. Subsection (h) provides for calculating his guideline sentence under Part G of Chapter Five, namely, § 5G1.1(b). Accordingly, the calculation of life imprisonment under § 5G1.1(b), not that of 151-188 months under § 5A, was the final step in determining Doe's applicable guideline range.

> Moreover, the language of § 5G1.1(b) itself provides:
>
> Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence *shall be the guideline sentence.*

USSG § 5G1.1(b) (emphasis added). Thus, § 5G1.1(b) instructs that it determines a guideline sentence that replaces any sentencing range calculated under a prior guideline section, such as § 5A. Given the clear import of USSG §§ 1B1.1 and 5G1.1(b), the term "applicable guideline range" in § 1B1.10(a)(2)(B) must refer to Doe's guideline sentence of life imprisonment calculated under § 1G1.1(b).[4]

---

[4] Doe argues that the term "applicable guideline range" in § 1B1.10(a)(2) cannot refer to the guideline sentence calculated under § 5G1.1(b) because the Guidelines draw a distinction between the terms "guideline range" and "guideline sentence." (Brief of Defendant in Support of Motion at 5-8.) This argument is unpersuasive. The Guidelines informally employ the terms

6

The case law supports this interpretation of § 1B1.10(a)(2)(B). In <u>U.S. v. Cordero</u>, 313 F.3d 161 (3rd Cir. 2002), the defendant argued that where a mandatory minimum penalty has been "waived" under 18 U.S.C. § 3553(e) and USSG § 5K1.1, the starting-point for any departure should be the initial sentencing range calculated under § 5A. <u>Id.</u> at 164. Rejecting this argument, the court held that "[t]he mandatory period of incarceration ... *subsumes and displaces* the otherwise applicable guideline range and thus becomes the starting point for any departure or enhancement." <u>Id.</u> at 165-66 (emphasis added). The court's rationale in <u>Cordero</u> requires that the term "applicable guideline range" in § 1B1.10(a)(2)(B) refers to Doe's guideline sentence calculated under § 5G1.1(b) because that sentence "subsume[d] and replace[d]" his sentencing range calculated under § 5A. <u>Id.</u> at 166.

In sum, the Guidelines' language and structure and <u>Cordero</u> dictate that the term "applicable guideline range" in USSG § 1B1.10(a)(2) refers to Doe's guideline sentence of life imprisonment calculated under § 5G1.1(b). Amendment 706 does not lower that guideline sentence. Therefore, reducing Doe's actual sentence is inconsistent with § 1B1.10, the policy statement that applies to 18 U.S.C. § 3582(c)(2).

---

"guideline range" and "guideline sentence," among other terms, to indicate the sentencing option required thereunder. <u>See, e.g.,</u> USSG § 5K2.0(b) ("the range established by the applicable guidelines"); <u>Id.</u> §§ 1B1.2(b), 1B1.8(a), 4A1.3(b)(2)(A), 4B1.1(c), 5B1.1(a), 5C1.1, 5G1.1, 5H1.6, 5H1.7, 5K2.0, 5K2.13, 5K2.21, 6B1.2, 8A1.2, and 8C2.8 ("applicable guideline range"); <u>Id.</u> §§ 5K2.1-5K2.7 ("authorized guideline range"); <u>Id.</u> §§ 2B1.6(a), 2K2.4, and 5G1.1 ("guideline sentence"). The commentary to § 5G1.1 confirms that "guideline sentence" falls within this definition by defining the term to mean "the sentence required by the guidelines." <u>Id.</u> § 5G1.1 cmt. Accordingly, I see no legally significant difference between the terms "guideline range" and "guideline sentence," and therefore reject Doe's argument.

7

### B. Argument Based on the Statutory Language

Doe argues that, although the language of 18 U.S.C. § 3582(c)(2) requires that this court consider the applicable policy statement, it does not make that policy statement mandatory. (Brief of Defendant in Reply to Government's Reply at 5-7.)  He further argues that statements by the Commission implying that it intended the retroactivity of amendment 706 to benefit defendants such as Doe who received downward departures under 18 U.S.C. § 3553(e) and USSG § 5K1.1 better show the Commission's policy and should persuade this court.  (Brief of Defendant in Support of Motion at 11-14.)  Doe misinterprets § 3582(c)(2).

Doe's interpretation of § 3582(c)(2) does not comport with its plain meaning: "the court may reduce the term of imprisonment … if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Moreover, the Third Circuit clearly treated USSG § 1B1.10 as mandatory pursuant to § 3582(c)(2):

> The language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).  Amendment 459 is not listed in § 1B1.10(c).  Therefore, by the plain language of the policy statement, it does not have retroactive effect.

U.S. v. Thompson, 70 F.3d 279, 281 (3rd Cir. 1995) (per curiam).  Pursuant to the plain meaning of 18 U.S.C. § 3582(c)(2) and to Thompson, the policy statement in USSG § 1B1.10 is clearly mandatory.  Thus, I reject Doe's argument.

### C. Argument Based on U.S. v. Booker

Doe argues that USSG § 1B1.10 and the second element of 18 U.S.C. § 3582(c)(2) cannot be binding on this court because in Booker the Supreme Court declared the Guidelines

8

"effectively advisory." Booker, 543 at 245. This argument misconstrues the holding in Booker.

The Booker decision contains two majority opinions. First, the opinion on constitutionality held that sentencing Booker pursuant to the Guidelines violated the Sixth Amendment's jury trial requirements.[5] Booker, 543 U.S. at 244. Second, the opinion on remedy invalidated certain provisions of the federal sentencing statute implementing the Guidelines. Id. at 245. Based on these invalidations, the Court described the Guidelines as now "effectively advisory." Id.

With regard to remedy, the Court said that it "must retain those portions of the [Sentencing Reform] Act that are (1) constitutionally valid, ... (2) capable of 'functioning independently,' ... and (3) consistent with Congress' basic objectives in enacting the statute." Id. at 258-59. Only two provisions were invalidated:

> Application of these criteria indicates that we must sever and excise two specific statutory provisions: the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), see 18 U.S.C. § 3553(b)(1) ... and the provision that sets forth standards of review on appeal, including *de novo* review of departures from the applicable Guidelines range, see § 3742(e) ... With these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the Act satisfies the Court's constitutional requirements.

Id. at 259. Importantly, Booker did not invalidate 28 U.S.C. § 994(u), which authorized USSG § 1B1.10, or the second element of 18 U.S.C. § 3582(c)(2), which made § 1B1.10 binding on this

---

[5] Applying to the Guidelines the Sixth Amendment doctrine established in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), the Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. Booker's sentence violated this doctrine because the judge's finding that Booker actually possessed a larger amount of crack than the jury had found caused Booker to have a higher mandatory sentencing range under the Guidelines. Id. at 228.

court. Third Circuit dicta recognizes this conclusion:

> Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of *Booker*. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines.

U.S. v. Wise, 515 F.3d 207, 221 n.11 (3rd Cir. 2008) (holding that amendment 706 cannot be applied retroactively unless USSG § 1B1.10 allows it).

Given the clear language in Booker and Wise, Doe's argument fails. Booker did not make the policy statement in USSG § 1B1.10 or the second element of 18 U.S.C. § 3582(c)(2) merely advisory.

## IV. CONCLUSION

Reducing Doe's sentence is inconsistent with the policy statement in USSG § 1B1.10 because amendment 706 does not have the effect of lowering Doe's guideline sentence of life imprisonment under USSG § 5G1.1(b). Accordingly, Doe fails to satisfy the second element of 18 U.S.C. § 3582(c)(2) and thus cannot be eligible for a sentence reduction under § 3582(c)(2). Therefore, I deny his motion for a sentence reduction.

## ORDER

**AND NOW**, this 15th day of September, 2008, it is **ORDERED** that Doe's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) is **DENIED**.

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:

Copies **MAILED** on _____ to:

FILED
SEP 17 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

11